IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-02238-PAB-NRN

ROBIN MCCLAIN,

 Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY, d/b/a Denver Health Medical Center, a political subdivision of the State of Colorado,

 Defendant.
_____

# ORDER
_____

This matter is before the Court on Defendant Denver Health and Hospital Authority's Motion for Attorney Fees [Docket No. 33] and Plaintiff's Motion for Reconsideration in Opposition to Defendant Being Awarded Costs [Docket No. 40].

## I. BACKGROUND

This lawsuit arose out of plaintiff's alleged sexual assault while she was a patient in the intensive care unit at Denver Health Hospital. *See* Docket No. 13 at 1, ¶ 1. In her operative complaint, filed on November 13, 2017, plaintiff asserted five claims for relief: (1) a claim for municipal liability under 42 U.S.C. § 1983; (2) a Fourteenth Amendment substantive due process claim pursuant to the special relationship doctrine; (3) a Fourteenth Amendment substantive due process claim pursuant to the state-created danger doctrine; (4) a state-law negligence claim; and (5) a claim under Colorado's Premises Liability Act, Colo. Rev. Stat. § 13-21-115. Docket No. 13 at 8-12. On September 30, 2018, the Court granted defendant's motion to dismiss plaintiff's

federal claims under Fed. R. Civ. P. 12(b)(6) and declined to exercise supplemental jurisdiction over plaintiff's remaining state-law claims, dismissing them without prejudice to plaintiff's ability to re-file the claims in state court. *See* Docket No. 31 at 15. Defendant was awarded its costs as the prevailing party under Fed. R. Civ. P. 54(d)(1). *See* Docket No. 32 at 2. On October 15, 2018, defendant filed a motion for attorney's fees under 42 U.S.C. § 1988. Docket No. 33. On October 30, 2018, the Clerk of Court awarded defendant its costs in the amount of $2,955.38. Docket No. 38. On November 7, 2018, plaintiff moved for reconsideration of the costs award. Docket No. 40.

## II. MOTION FOR ATTORNEY'S FEES

"'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010) (internal quotation marks omitted). Defendant seeks attorney's fees under Fed. R. Civ. P. 54(d) and 42 U.S.C. § 1988. Docket No. 33 at 1-2.

Section 1988(b) provides: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Although "a prevailing plaintiff should ordinarily recover an attorney's fee" under this provision, "a prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v.*

*Eckerhart*, 461 U.S. 424, 429 & 429 n.2 (1983). A frivolous suit is one "based on an indisputably meritless legal theory, or whose factual contentions are clearly baseless." *Thorpe v. Ancell*, 367 F. App'x 914, 919 (10th Cir. 2010) (unpublished) (internal quotation marks, bracket, and ellipsis omitted). "This is a high bar for a prevailing defendant to meet," *Utah Animal Rights Coalition v. Salt Lake Cty.*, 566 F.3d 1236, 1245 (10th Cir. 2009), and "rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2000).

Defendant argues that it is entitled to attorney's fees under § 1988 because it is the prevailing party in this lawsuit and plaintiff's claims under § 1983 were based on meritless legal theories and unfounded allegations that plaintiff was raped while in the intensive care unit at Denver Health. Docket No. 33 at 3-8.

The fact that the Court found the allegations insufficient to state a claim for relief under § 1983 does not automatically render plaintiff's claims legally groundless. *Cf. Mitchell*, 218 F.3d at 1203 (noting that "dismissal of claims at the summary judgment stage does not automatically" establish that suit was "vexatious, frivolous or brought to harass or embarrass the defendant"). Plaintiff asserted liability under the Fourteenth Amendment based on the special relationship and state-created danger doctrines. *See* Docket No. 31 at 2. Although the Court rejected both theories, finding that (1) defendant had not taken any affirmative action to restrain plaintiff's liberty or increase her vulnerability, and (2) the allegations did not establish that defendant had engaged in conscience-shocking behavior, the Court's analysis makes clear that the factual

3

circumstances presented in this case were distinguishable from prior cases considering a state's liability for private violence under the Fourteenth Amendment. With respect to plaintiff's special relationship theory, for example, the Court acknowledged that the Tenth Circuit case most similar to the factual circumstances presented here – *Gray v. University of Colorado Hospital Authority*, 672 F.3d 909 (10th Cir. 2012) – was distinguishable on the basis that the plaintiff in *Gray* "voluntarily checked himself into Defendants' hospital for medical observation and testing." Docket No. 31 at 6 (citing *Gray*, 672 F.3d at 924). By contrast, plaintiff was taken to the hospital while unconscious after being injured in an automobile accident. Similarly, the cases on which the Court relied in rejecting plaintiff's state-created danger theory, though sufficiently analogous to foreclose plaintiff's claims, were not so indistinguishable as to render this case legally frivolous. Courts have recognized that the contours of "affirmative action" and "conscience-shocking behavior" are not clear and must often be determined based on the circumstances presented in a specific case. *See Ultegra LLC v. Mystic Fire Dist.*, 676 F. App'x 33, 35-36 (2d Cir. 2017) (unpublished) (noting that courts applying the state-created danger doctrine "have sought to tread a fine line between conduct that is passive . . . and that which is affirmative"); *Schwartz v. Booker*, 702 F.3d 573, 586 (10th Cir. 2012) (recognizing that "[c]onscience-shocking behavior evades precise definition and evolves over time" (internal quotation marks and bracket omitted)). The mere fact that plaintiff asserted a claim outside the parameters established by existing precedent does not mean that her claim was "indisputably

4

meritless." *Thorpe*, 367 F. App'x at 919.[1]

Defendant lastly implies that plaintiff brought this case in bad faith because the evidence obtained during the discovery process does not support a finding that plaintiff was raped at Denver Health. See Docket No. 33 at 7-9.[2] Plaintiff responds that evidence of the rape – including a urine sample and surveillance footage – was improperly destroyed by defendant. Docket No. 39 at 5-7. Given that there appears to be a factual dispute as to whether plaintiff was sexually assaulted, *see* Docket No. 39 at 5-7; Docket No. 41 at 2-4, the Court cannot conclude that plaintiff's allegations were "clearly baseless."[3]

For the foregoing reasons, defendant has failed to demonstrate its entitlement to attorney's fees under 42 U.S.C. § 1988.

---

[1]The Court need not separately address the merits of plaintiff's municipal liability claim. As plaintiff argues, the success of that claim depended in large part on the success of plaintiff's other claims, which the Court has determined were not legally frivolous. *See* Docket No. 39 at 10; *see also* Docket No. 31 at 13-14 (granting motion to dismiss as to municipal liability claim because plaintiff had failed to allege an underlying constitutional violation). Defendant makes no argument that plaintiff's municipal liability claim was frivolous for a reason independent of plaintiff's other claims. *See* Docket No. 33 at 6 (arguing only that there was "no basis" for plaintiff's municipal liability claim "absent allegations satisfying the special relationship or state created danger exceptions").

[2]Defendant also argues that it was not given an opportunity to comment before Channel 7 published a news story about plaintiff's allegations. Docket No. 33 at 7. Assuming this is true, the Court does not see how that fact supports a finding that plaintiff prosecuted her claims with a "vendetta." Docket No. 33 at 7.

[3]The Court declines defendant's invitation to weigh the evidence and resolve the parties' factual dispute for purposes of resolving defendant's motion. Resolution of factual disputes is reserved for the summary judgment stage, which the parties never reached in this case.

## III. MOTION FOR RECONSIDERATION OF COSTS AWARD

Plaintiff moves for reconsideration of the October 30, 2018 award of costs to defendant under Fed. R. Civ. P. 54(d)(1). Docket No. 40 at 2-3.[4] She argues that defendant is not entitled to costs because: (1) defendant was only partially successful; (2) plaintiff asserted "meritorious claims that presented difficult legal issues"; and (3) "the costs incurred cannot be differentiated between the federal claims" and the tort claims re-filed in state court. Docket No. 40 at 3.

Plaintiff's first argument is without merit. Plaintiff contends that defendant was only partially successful because the Court declined to exercise jurisdiction over two of plaintiff's claims, which plaintiff subsequently re-filed in state court. As defendant argues, however, Fed. R. Civ. P. 54 creates a presumption in favor of awarding costs to the prevailing party. *See Mitchell*, 218 F.3d at 1204. The Court's dismissal of plaintiff's claims in this case made defendant the prevailing party for purposes of Fed. R. Civ. P. 54. That status is not undermined merely because the Court declined to exercise supplemental jurisdiction over plaintiff's remaining state-law claims. *See Allen v. Lang*, 738 F. App'x 934, 944 (10th Cir. 2018) (unpublished) (holding that the defendant was a prevailing party for purposes of Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920 where the court entered judgment in the defendant's favor on the federal claims, but declined

---

[4]It is not clear whether plaintiff is moving for reconsideration of the final judgment awarding costs to defendant, *see* Docket No. 32 at 2; *see also* Docket No. 42 at 2-3 (construing motion as motion for reconsideration), or for judicial review of the Clerk's award of costs under Fed. R. Civ. P. 54(d)(1). *See* Docket No. 43 (noting that plaintiff filed the motion for reconsideration within seven days of the Clerk's award of costs, suggesting that her motion falls under Fed. R. Civ. P. 54(d)(1)). Regardless of the standard applied, however, plaintiff has not demonstrated that she is entitled to reconsideration of the costs award.

6

to exercise supplemental jurisdiction over the remaining state-law claims). To the extent this Court has discretion to deny costs when a prevailing party is only partially successful, *see Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000), the Court finds no reason to exercise that discretion in this case. *See Allen*, 738 F. App'x at 945 (finding no support for the proposition that a court is required to deny costs when it dismisses only some of the claims on the merits and declines to exercise supplemental jurisdiction over the remaining claims); *Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1182 (10th Cir. 2011) ("[T]o deny a prevailing party its costs is in the nature of a severe penalty, such that there must be some apparent reason to penalize the prevailing party if costs are to be denied." (internal quotation marks omitted)), *aff'd*, 568 U.S. 371 (2013).[5]

Plaintiff's second argument – that the Court should decline to award costs because her claims presented difficult legal issues – is also unavailing. The only case plaintiff cites that applies this exception to a particular set of facts is *Association of Mexican-American Educators v. California*, 231 F.3d 572 (9th Cir. 2000). In that case, however, the plaintiffs' resources were limited and the claims raised "close and complex" legal issues that had the potential to affect "tens of thousands of Californians and the state's public school system as a whole." *Id.* at 593. The same circumstances

---

[5]Given that courts frequently decline to exercise supplemental jurisdiction over state-law claims after a plaintiff's federal claims have dismissed, *see Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010) (stating that, "if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice" (internal quotation marks and bracket omitted)), denying costs on that basis alone would effectively override the presumption in favor of awarding costs to the prevailing party.

7

are not presented here. Plaintiff's claims – though not legally frivolous – were not complicated. And plaintiff's claims did not raise issues with the potential to affect tens of thousands of Coloradans or the state healthcare system as a whole.

Plaintiff's final argument is that costs should not be awarded because it is impossible to determine the costs solely attributable to plaintiff's federal claims. *See* Docket No. 40 at 4-5. As another court in this district has reasoned, however, the fact that the items underlying defendant's costs award may be relevant to plaintiff's claims in state court "might warrant the state court denying a subsequent request for taxation of costs," but "does not refute the Clerk's conclusion that the depositions taken and documents produced were necessarily obtained for use in this case." *Madison Servs. Co., LLC v. Gordon*, No. 09-cv-02369-MSK-KMT, 2012 WL 5363323, at *1 n.1 (D. Colo. Oct. 31, 2012) (emphasis omitted); *see also In re Williams Secs. Litig.-WCG Subclass*, 558 F.3d 1144, 1150 (10th Cir. 2009) (district court did not abuse its discretion in declining to reduce the defendants' costs award to account for costs that were equally attributable to claims on which the defendants had not prevailed). Plaintiff concedes that there is substantial factual overlap between her federal and state-law claims and that the items included in the costs award were relevant to both sets of claims. *See* Docket No. 40 at 4-5 (describing ways in which the evidence is relevant to both the federal and the state-law claims and noting that the facts underlying the two sets of claims "arise from the same incident"). Accordingly, defendant would have incurred the disputed costs even in the absence of the state-law claims. *See In re Williams Secs. Litig.-WCG Subclass*, 558 F.3d at 1150. There is no basis for reducing or denying

8

defendant's costs award because of plaintiff's pending claims in state court.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant Denver Health and Hospital Authority's Motion for Attorney Fees [Docket No. 33] is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion for Reconsideration in Opposition to Defendant Being Awarded Costs [Docket No. 40] is **DENIED**.

DATED August 22, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge